UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PHILLIP BURNETT AND
ALLISON BURNETT

VERSUS

STATE FARM FIRE AND CASUALTY
COMPANY

CIVIL ACTION

NO. 09-166-JJB

## RULING ON MOTION TO RECONSIDER

This case centers around water damage to the ceiling, floor and walls of the home of plaintiffs Phillip and Allison Burnett. They contend the water damage resulted from a fallen tree on their roof, for which defendant State Farm Fire and Casualty Company had previously paid for repairs. State Farm contends the damage resulted from absorption of excess moisture from below the house. The Court has previously denied State Farm's motion for summary judgment on the issue of causation (Doc. 25), but it later granted State Farm's motion for partial summary judgment making unavailable a claim for statutory bad faith denial (Doc. 37). The latter is the subject of the current motion to reconsider filed by plaintiffs (Doc. 38) and opposed by defendant (Doc. 40). Oral argument is unnecessary.

I.

To review, State Farm moved for partial summary judgment (Doc. 35), contending that punitive damages under the Louisiana Insurance Code were unavailable in this case because plaintiffs had no evidence of State Farm's bad faith denial of their claim for payment of interior damage. In response, plaintiffs offered a conclusory memorandum (Doc. 36) which outlined (1) State Farm's contentions (Doc. 36, pp. 1-2), (2) the applicable standard for imposing punitive damages (*id.*, pp. 2-3), (3) the damages sustained (*id.*, p. 3), (4) a conclusory allegation State

1

Farm failed to timely pay them (*id.*), (5) a recounting of how the certitude of State Farm's representations as to the cause of damages "softened somewhat" over the course of litigation (*id.*, pp. 3-4),[1] (6) a conclusory recitation that a dispute exists on the extent of recovery, followed by the statutory provisions for damages in La. R.S. 22:1973 (*id.*, p. 4), and finally (7) a conclusory statement asserting that economic loss and bodily injuries are recoverable under the policy (*id.*, pp. 4-5). In short, nowhere did the plaintiffs *attempt* to controvert, much less succeed in controverting, State Farm's motion. (*See* Ruling, Doc. 37, p. 6 (finding that plaintiffs only made "conclusory assertions that punitive liability should be available")). The Court, in essentially finding a lack of adequate factual opposition under Fed. Rule Civ. P. 56(c)(1)(A), 56(c)(3), and 56(e), granted State Farm's motion. (*Id.*).

Plaintiffs now move the Court to reconsider (Doc. 38) the grant of summary judgment in favor of State Farm because of: (1) alleged errors of fact-finding with respect to the number of adjusters sent to their home by State Farm and the findings of the adjusters; (2) alleged legal error in requiring proof of specific acts of bad faith contrary to Louisiana law; and (3) alleged reliance on hearsay contained in an affidavit cited by this Court.

II.

Federal Rule of Civil Procedure 54(b) provides that courts may reconsider interlocutory orders or decisions. Courts thus retain jurisdiction over all the claims in a suit and may alter its earlier decisions until final judgment has been issued. *See Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 475 (M.D. La. 2002) (citing *Zapata Gulf Marine, Corp. v. Puerto Rico*

---

[1] The "softening" of the allegations is likely explained by the fact that the Court denied State Farm's motion for summary judgment on the issue of water damage causation. Whereas in its first summary judgment motion, State Farm contended the absorption theory was the only plausible explanation, since the Court denied summary judgment, State Farm later contended in the motion being reconsidered that genuine disputes existed as the causation, thereby making punitive damages inappropriate.

*Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991). District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* Similarly, Fed. Rule Civ. P. 52(b) permits the Court to amend its findings on dispositive judgments when a party moves it to do so under Rule 59(e).

Motions for reconsideration based upon the same arguments merely waste the limited time and resources of the Court. *van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Similarly, courts generally decline to consider arguments raised for the first time on reconsideration without adequate justification. *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011). In general, courts will reconsider a ruling only where an intervening change in the law occurs, new evidence not previously available emerges, or the need arises to correct a court's clear error which would otherwise work manifest injustice. *See, e.g., North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

III.

A.

Plaintiffs are correct that the Court committed minor citation errors which may have led to some confusion. The Court erroneously cited a non-existent Philson affidavit for the proposition that State Farm adjuster Roderick Philson inspected the Burnett home and found no roof leak causing water damage. (Doc. 37, p. 2). The citation did correctly identify the document number for that evidence, (Doc. 35-3, ¶ 4), which is an affidavit of Terry Downs, the State Farm claims representative who relied on Philson's stated impressions.[2] The Court also

---

[2] Plaintiffs argue this paragraph is impermissible hearsay, but as State Farm correctly points out, the evidence is not being used to establish the truth of the matter asserted (i.e., that Philson did indeed inspect the Burnett home and

3

imprecisely stated that State Farm sent multiple "adjusters" to the Burnett home. (Doc. 37, p. 2).[3] The Court meant multiple persons acting on behalf of State Farm, such as adjuster Philson and engineer Jim Danner, an expert retained to assess whether the roof caused the water damage. Philson appears to fit under the technical definition of adjuster, though Danner presumably would not. *See* Black's Law Dictionary (8th ed. 2004) (defining "adjuster" as an agent of an insurance company who negotiates and settles claims against the insurer).

B.

However, on the substantive points the motion to reconsider raises, it fails. Plaintiffs' original brief states, in most conclusory fashion, that "a general survey of all the facts in evidence will reveal vexatious refusal to pay." (Doc. 36, p. 3). While it is true that Louisiana law does not impose the burden of showing direct evidence of bad faith on the insured, *see Louisiana Bag Co., Inc. v. Audubon Indemnity Co.*, 999 So.2d 1104, 1121-22 (La. 2008), neither does it relieve plaintiffs of their federal burden, under Fed. Rule Civ. P. 56, to specify portions in the record showing the existence of genuine issues of material fact. Just because Louisiana law permits a holistic view of the circumstantial evidence in the case when assessing statutory bad faith does not allow plaintiff to file non-responsive briefing. In other words, if simply telling the Court, "It's in the record, judge," was all it took to bring a statutory bad faith claim to a jury, defendants would unfairly lose the summary judgment vehicle as a weapon at their disposal for narrowing the issues for trial. While the record facts might conceivably permit a jury to find statutory bad faith, plaintiff's counsel—perhaps thinking that denial of the partial summary judgment motion at issue here was a *fait accompli* because plaintiffs fended off summary

---

reported to Downs that he did not think roof leaks were the cause of the water damage at issue) but rather shows Downs' (and thus State Farm's) state of mind in relying on it, regardless of its truth. *See* Fed. Rule Evid. 803(3).

[3] The Court also made this statement, citing the same portion of the record, in its previous summary judgment ruling. (*See* Doc. 25, p. 3).

4

Case 3:09-cv-00166-JJB -CN    Document 42    03/05/12    Page 4 of 6

judgment on the broader causation issue (*see* Doc. 25)—neglected to adequately brief the issue. The Court is not inclined to correct the problem plaintiffs had a full and fair opportunity to prevent from occurring. While plaintiffs think the ruling required direct, positive proof of specific acts of bad faith contrary to *Louisiana Bag*, the Court granted the motion due to non-compliance with Rule 56, not an impermissibly high burden of proof. The briefing on this motion to reconsider demonstrates that plaintiffs could have submitted a brief sufficient to prevent summary judgment, but they failed to do so at the proper time without adequate justification. The motion to reconsider is DENIED.

C.

The final issue raised concerns the status of plaintiff's tort allegations against State Farm. (*See* Complaint, Doc. 1-2, ¶¶ 5 (negligent inspection), 6 (potential personal injuries from mold exposure), and 8 (damage allegations for general personal injuries, illnesses, emotional distress, and mental anguish)). In its motion for partial summary judgment, State Farm sought dismissal of the claims for bodily injury resulting from the alleged mold infections, which was granted due to plaintiff's conclusory rebuttal. While the remaining allegation of "negligent inspection" may well be unsupportable, as State Farm contends in its opposition to the motion for reconsideration, decision on that issue must await a properly filed motion for summary judgment. *See* Fed. Rule Civ. P. 56(f). The other recitations in the complaint appear to be itemizations of damages rather than allegations of separate causes of action. Thus, the "negligent inspection" claim is all that remains of plaintiffs' tort allegations. The Court grants leave for State Farm to file a summary judgment motion regarding this claim.

5

IV.

Accordingly, the motion to reconsider (Doc. 38) is DENIED.  State Farm is granted leave to file a separate motion for partial summary judgment on the sole remaining tort claim.

Signed in Baton Rouge, Louisiana, on March 5, 2012.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**