UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PHILLIP BURNETT, ET AL.

VERSUS

STATE FARM FIRE AND CASUALTY
COMPANY

CIVIL ACTION

NO. 09-166-JJB

**RULING ON MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

This matter comes before the Court on a motion for interlocutory appeal (Doc. 43) filed by plaintiffs Phillip and Allison Burnett following the Court's grant of partial summary judgment in favor of defendant State Farm Fire and Casualty Company. Plaintiffs filed a supplemental memorandum (Doc. 47), State Farm filed an opposition (Doc. 51), and plaintiffs filed a reply (Doc. 52).

After the Court granted State Farm's motion for partial summary judgment, the Burnetts moved to reconsider the ruling (Doc. 38), which the Court denied (Doc. 42). They now seek certification to pursue an interlocutory appeal based on what they perceive to be an impermissible heightened evidentiary burden the Court allegedly imposed on them in violation of Louisiana law, the governing law for this diversity action.

I.

As already stated in the aforementioned rulings, this case involves State Farm's denial of insurance coverage for water damage to the flooring and other parts of the Burnetts' home. State Farm lost its summary judgment motion regarding causation of the water damage (Doc. 25), but it later succeeded in obtaining partial summary judgment dismissing their statutory claim for bad faith failure to pay (Doc. 37). In that ruling, the Court noted not only plaintiffs' failure to speak to the relevant statutory provision triggering the alleged bad faith actions, but also their failure to

1

controvert State Farm's motion due to an absence of any citation from any evidentiary portion of the record which might support a claim for bad faith. (Ruling, Doc. 37, p. 6).

Plaintiffs moved to reconsider that ruling on the basis that the Court imposed a heightened evidentiary standard on them above what Louisiana law required plaintiffs to show. Specifically, plaintiffs pointed to *Louisiana Bag Co., Inc. v. Audubon Indemnity Co.*, 999 So.2d 1104, 1121-22 (La. 2008). The Louisiana Supreme Court in *Louisiana Bag* discussed the evidentiary standard necessary to sustain a claim for statutory bad faith. The court noted "[s]pecific acts or proof of the insurer's state of mind is generally not required to establish conduct that is arbitrary, capricious or without probable cause." 999 So.2d at 1121 (citations omitted). Then, citing to an insurance treatise, the Court found it sufficient that

> the vexatious character of the insurer's refusal to pay can reasonably be found from a general survey of all the facts in evidence, specific evidence thereof not being necessary. That is to say, direct and positive evidence of vexatious refusal is not necessary to impose the statutory penalty.

*Id.* (*citing* Lee R. Russ, 14 Couch on Insurance 3d § 204:108).

From this statement, plaintiffs insisted the Court violated Louisiana's substantive evidentiary law on statutory bad faith claims by imposing a higher evidentiary burden under federal law than *Louisiana Bag* provided for under state law. The Court acknowledged the correct burden under Louisiana law but denied the motion to reconsider on the grounds that the original briefing failed to satisfy Rule 56.

II.

Plaintiffs seek to obtain now through interlocutory appeal the survival of their statutory bad faith claim that was lost due to the Court's express finding of inadequate briefing to satisfy Fed. Rule Civ. P. 56. (*See* Ruling, Doc. 42, p. 2). Relying heavily on the *Erie* doctrine and the

2

seminal summary judgment case of *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986), plaintiffs urge a novel interpretation of Rule 56 which finds no support in governing law.

In essence, plaintiffs think this Court is *Erie*-bound to apply an imagined Louisiana standard of summary judgment non-opposition. While *Louisiana Bag* does indeed permit liability on a statutory bad faith claim even without specific, direct evidence of vexatious refusal to pay, nothing in *Louisiana Bag* establishes that plaintiffs may avoid summary judgment in favor of the insurer on such a claim by making nothing more than conclusory assertions of liability and failing to elucidate how a general survey of the facts (*i.e.*, resort to the circumstantial evidence in the record tending to show vexatious refusal to pay) creates a genuine dispute of material fact regarding bad faith.

Tellingly, the treatise which the Louisiana Supreme Court found consonant with state law on statutory bad faith claims (and from which plaintiffs repeatedly quote) conclusively shows why plaintiffs' argument has no merit. The relevant section of the treatise begins, "*The claimant seeking to impose liability upon the insurer under a penalty statute has the burden of showing the existence of such facts as make the insurer subject to such liability.*" 14 Couch on Insurance 3d, § 204:108 (emphasis added). This is really the beginning and end of the inquiry here. Plaintiffs had the burden of *showing*—not merely asserting or alleging—facts supporting the vexatious nature of State Farm's refusal to pay. Thus, under Louisiana law, the facts cited need not each show, when viewed individually in a vacuum, a bad motive to deprive the Burnetts of insurance coverage or policy payments properly owing to them. But the totality of the record facts cited in their briefing—which is how plaintiffs *show* anything on a motion for summary judgment—must give rise, when reasonably viewed collectively, to a fair inference of bad faith in order to defeat an insurer's motion for summary judgment. *Cf. id.* ("That is to say, the claimant must present

3

proof, or substantial evidence, that the facts of the case come within the provisions of the statute authorizing the award of a penalty.").

Thus, plaintiffs' attempt to style the Court's ruling as imposing a "more onerous federal burden" under Rule 56 than what Louisiana law demanded of them proves unpersuasive. State law on proving statutory bad faith claims demands, as any plaintiff is required to do when opposing a defendant's motion for summary judgment on one of plaintiff's claims, the exact same thing that Rule 56 requires: the plaintiff must, when the defendant alleges an absence of evidence to support the claim, bring forward record facts which create, at the very least, a genuine dispute of material fact. As *Anderson* points out, what is material is determined by the substantive law of the claim. Here, it is the elements of the statutory bad faith claim defined by Louisiana law. But contrary to plaintiffs' claims, nothing in Louisiana law, *Anderson*, or Rule 56 jettisons a plaintiff's obligation to show facts supporting a claim when faced with a summary judgment motion by a defendant. Moreover, plaintiff's supposed substantive rule of state law would create an untenable overlap in causes of action. Should plaintiffs' theory prevail, then all claims under an insurance policy which survive summary judgment would necessarily cause all tag-along bad faith claims to survive as well. Under plaintiffs' contention, insureds pursuing bad faith claims would only make a conclusory suggestion that the general survey of the record will substantiate their claim. That is, of course, precisely what plaintiffs have done here, illustrating exactly why their proposed rule is neither desirable nor supportable by any provision of law, state or federal. The legal unanimity of state and federal law, both of which require plaintiffs to cite particular facts (though not necessarily direct evidence) in the record supporting their claim, obviates any need to conduct an *Erie* analysis.

Case 3:09-cv-00166-JJB -CN    Document 53    03/28/12   Page 4 of 6

In short, plaintiffs' attempt to make an *Erie* mountain out of their briefing molehill remains unconvincing. Regardless of whether the burden to show genuinely disputed facts is denominated as one arising from state law (*i.e.*, the general preponderance burden to prove the claim) or federal law (*i.e.*, Rule 56's burden to cite particular facts in the record supporting the claim), those burdens not only peacefully co-exist, in this case they perfectly overlap. Plaintiffs have therefore failed to show—again—how this Court committed any legal error. Because they have failed to show how their meritless contentions establish a substantial ground for difference of opinion on a controlling question of law, the interlocutory appeal statute does not authorize the relief sought here. *See* 28 U.S.C. § 1292(b) (interlocutory appeals authorized only when there exists "a controlling question of law as to which there is substantial ground for difference of opinion and … an immediate appeal … may materially advance the ultimate termination of the litigation").

Finally, plaintiffs argue that this Court perceived a genuine dispute of fact but failed to acknowledge it. It is enough to say that the Court is not responsible for making arguments for plaintiffs or their counsel. Our adversary system of justice presupposes that competent counsel are incentivized to make all non-frivolous arguments in favor of their clients. In the Court's opinion, counsel failed to make sufficient arguments necessary to demonstrate a genuine dispute of material fact on the statutory bad faith claim. In the pantheon of prized judicial values, the speedy and efficient dispatch of controversies using only those judicial resources necessary to disposition of the case does not rank least. The Court endeavored to apply the resources necessary to decide the issues raised by defendant's motion for partial summary judgment, and plaintiffs came out on the losing end.

III.

Accordingly, it is ORDERED that plaintiffs' motion for certification of interlocutory appeal (Doc. 43) is hereby DENIED.

Signed in Baton Rouge, Louisiana, on March 28, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**